UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Janis Turner | Eileen Horschel | |

**Proceedings:**   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 20-1, filed August 11, 2015)

I.   INTRODUCTION & BACKGROUND

   This lawsuit arises out of a Trustee's Sale of real property located at 1710 Rios Court, Santa Maria, California, 93454 ("Property"), which occurred on September 5, 2014. FAC ¶ 18. Plaintiff Pamela Brown alleges that the sale was legally void because, among other things, the Deed of Trust was not properly assigned to defendant Christiana Trust. Id. ¶ 24. Defendant argues that plaintiff has no standing to bring a lawsuit as to the Trustee's Sale because she was not the borrower of the loan nor did she have title to the Property when the Trustee's Sale occurred. Mot. at 2.

   On August 9, 2005, Antonio and Annibel Rivera took out a mortgage loan in the amount of $620,000 from Paul Financial, LLC secured by a deed of trust on the Property. RJN, Ex. 1. MERS is listed as a beneficiary of the Deed of Trust. Id. Foundation Conveyancing, LLC is listed as the trustee of the Deed of Trust. Id. Plaintiff is not a party to the deed of trust. On October 25, 2011, plaintiff and the Riveras entered into a written agreement titled "Residential Purchase Agreement." RJN, Ex. 9. Plaintiff alleges the agreement transferred the Property from the Riveras to plaintiff. FAC ¶ 10.

   On December 5, 2011, an Assignment of Deed of Trust was recorded assigning the Deed of Trust from MERS to Bank of America, N.A. RJN, Ex. 2. The Riveras defaulted on the loan and on March 2, 2012, a Notice of Default was recorded. RJN, Ex. 4. On March 5, 2012, a Substitution of Trustee was recorded substituting Foundation Conveyancing, LLC with Recontrust Company, N.A. as trustee. RJN, Ex. 3. On May 15, 2014, an Assignment of Deed of Trust was recorded assigning the Deed of Trust from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

Bank of America to defendant Christiana Trust. RJN, Ex. 5. On May 28, 2014, a Substitution of Trustee was recorded substituting Western Progressive, LLC as the trustee. RJN, Ex. 6. On August 12, 2014, a Notice of Trustee's Sale was recorded. RJN, Ex. 7. On September 5, 2014, the Trustee's Sale took place. RJN, Ex. 8. On September 14, 2014, the Trustee's Sale was recorded indicating that defendant was the new owner of the Property. Id.

Plaintiff alleges that, at some point, a quitclaim deed was recorded in plaintiff's name for any and all interest in the Property. FAC ¶ 19. Plaintiff also alleges that the Riveras were the rightful owners of the Property at the time that the quitclaim deed was recorded. Id.

On August 11, 2015, defendant filed the instant motion to dismiss for failure to state a claim. Dkt. 20-1. On October 5, 2015, plaintiff untimely opposed the motion, dkt. 30, and defendant filed a reply on October 6, 2015, dkt. 31. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

As a threshold matter, defendant argues that Brown does not have standing to assert any of her claims. Mot. at 5. Technically, defendant - who brings a motion under Rule 12(b)(6) - must raise the standing issue under Rule 12(b)(1). See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). The Court nonetheless must address jurisdictional issues such as standing sua sponte. D'Lil v. Best Western, 538 F.3d 1031, 1035 (9th Cir. 2008).

### A.    Rule 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Similarly, a party may assert the ripeness issue, along with other challenges to a court's subject matter jurisdiction, as a defense pursuant to Federal Rule of Civil Procedure 12(b)(1). See St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

**B.     Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III.   JUDICIAL NOTICE

The Court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. Fed. R. Evid. 201(b); see also Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016, n.9 (9th Cir. 2012). Defendant filed a Request for Judicial Notice ("RJN") with its motion, asking the Court to take judicial notice of certain records related to the Riveras' mortgage and property ownership and documents in the underlying state court action. Dkt. 19. These requests are unopposed. The Court takes judicial notice of the documents submitted by defendant because they are not subject to reasonable dispute and are proper subjects of judicial notice. See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record and the entire state court file of the underlying action).

### IV.   DISCUSSION

####   A.   Standing

"In order to invoke the jurisdiction of the federal courts, a plaintiff must establish "the irreducible constitutional minimum of standing," consisting of three elements: injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Brown has the burden of establishing Article III standing. Colwell v. Dep't of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009). In her First Amended Complaint, Brown alleges that "on October 25, 2011, Plaintiff and Antonio Rivera and Annibel Rivera entered into a written agreement [that] . . . provided for transfer from the Riveras to Plaintiff of the Property" and that "a quitclaim deed has been recorded in Plaintiff's name [that] . . . transferred to Plaintiff all of the right, title, and interest that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

Riveras had at the time that the quitclaim deed was executed and delivered." FAC ¶¶ 10, 19.

As an initial matter, Brown's allegation that she entered into an agreement with the Riveras that allegedly transferred the Property to her in October 2011 is not sufficient to allege that title was transferred as a matter of law. "Transfer is an act of the parties, or of the law, by which the *title* to property is conveyed from one living person to another." Cal. Civ. Code § 1039 (emphasis added); see also Metzger v. Miller, 291 F. 780, 783 (N.D. Cal. 1923). Here, Brown has not alleged that title was transferred when the parties entered into the sale agreement in October 2011. In fact, the sale agreement itself does not provide for the transfer of title.[1] See RJN, Ex. 9 at 16 ¶ 12 ("At Close of Escrow, Buyer *shall* receive a grant deed conveying title . . . . Title *shall* vest as designated in Buyer's supplemental escrow instructions.") (emphasis added).

Brown's only allegation that the Riveras transferred title is the recording of the quitclaim deed, which she alleges was recorded but does not specify the date.[2] FAC ¶ 19. Merely alleging that a quitclaim deed was recorded, without specifying the date, is not sufficient to state an injury in fact, especially given that defendant has submitted judicially-noticed evidence that the Riveras did not hold title to the Property. Defendant

---

[1] On motion to dismiss for failure to state a claim, court accepts as true all well-pleaded allegations of material fact, and construes them in light most favorable to non-moving party but is not required to accept as true allegations that contradict exhibits attached to complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992 (9th Cir. 2010); Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031–32 (9th Cir. 2008).

[2] Plaintiff's counsel asserts in the Opposition that plaintiff "obtained full and legal title in December 2014 by means of a duly recorded quit claim deed." Opp. at 2. This statement is not alleged in the FAC. Even if plaintiff's counsel is correct, the quit claim deed was recorded after the Riveras no longer owned the Property. See RJN, Ex. 10 at 10 ¶ 5. Moreover, the quit claim deed is neither attached to the FAC nor submitted by either party for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

has submitted a declaration of Antonio Rivera that was filed in the underlying state court action where he states that neither he nor his wife had an ownership interest of the Property as of November 11, 2014. RJN, Ex. 10 at 10 ¶ 5. Furthermore, although Brown alleges that "the Riveras were the rightful owners of the Property at the time of the quitclaim deed," the Trustee's Deed Upon Sale states that title was conveyed to Christiana Trust on September 22, 2015. RJN, Ex. 8.

     Even if plaintiff had alleged the date on which the quitclaim deed was recorded, the allegation would still be insufficient. Plaintiff's argument that she is a successor in interest to the Riveras is at odds with Paragraph 13 of the Deed of Trust, which states that "any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument." RJN, Ex. 1 ¶ 13 (emphasis added). Plaintiff has not alleged that she obtained approval by the lender. Other courts have found that a successor in interest does not assume a borrower's obligations simply upon obtaining title to property when the deed of trust requires an assumption be made in writing and approved by the lender. See Layton v. Ocwen Loan Serv., LLC, No. EDCV 15-840-GW(Ex), 2015 WL 4512015, at *3 (C.D. Cal. July 23, 2015); Robertson v. GMAC Mortg. LLC, 982 F.Supp.2d 1202, 1207-08 (W.D. Wash. 2013); Anolik v. Bank of Am. Loans, No. 2:11-cv-00406-MCE-JFM, 2011 WL 1549291, at *1, *3 (E.D. Cal. Apr. 21, 2011); see also Gonzalez on Behalf of Estate of Perez, v. JP Morgan Chase Bank, N.A., No. C-14-2558 EMC, 2014 WL 5462550, at *3 (N.D. Cal. Oct. 28, 2014) ("The execution of the quitclaim deed by Ms. Perez in favor of Ms. Gonzalez and Ms. Gonzalez's daughter does not confer standing as to allegations concerning loan origination. Ms. Gonzalez has not shown that she had any obligation on the loan. Therefore she has failed to show a cognizable injury flowing from the loan origination.").

     In sum, Brown fails to sufficiently allege that the Riveras transferred any right, title, or interest in the Property to her. The Court addresses below whether plaintiff has standing to bring her ten claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

**1.     First, Third, Fourth, and Seventh Claims**

The First, Third, Fourth, and Seventh Claims for Relief each require a proprietary interest in property in order to state a claim. See Davenport v. Seattle Bank, No. CV1504475BROJEMX, slip op. at *6, 2015 WL 4886393 (C.D. Cal. Aug. 14, 2015) (quoting Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011)) (an equitable cause of action to set aside a trustee's sale requires that "the party attacking the [the sale of real property] (usually but not always the trustor or mortgagor) was prejudiced or harmed"); Derry v. Jackson Nat. Life Ins. Co., No. SACV 11 0343 DOC, 2011 WL 7110571, at *6 (C.D. Cal. Oct. 5, 2011) (Financial abuse of an elder, as defined by California Welfare & Institutions Code § 15610.30, occurs when an entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."); Stamas v. Cnty. of Madera, 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2011) (citing Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009)) (elements of a slander of title claim include "direct and immediate pecuniary loss"); Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (citing Cal. Civ. Proc. Code § 760.020) ("a quiet title action must include . . . the basis for plaintiff's title").  Plaintiff has not shown that she had such an interest.  As such each of these claims fail.

Moreover, plaintiff has not alleged tender of the amount of debt owed or her ability to tender.  See Ukiru v. Fed. Home Loan Mortgage Corp., 602 F. App'x 395 (9th Cir. 2015) (quoting Karlsen v. Am. Sav. & Loan Ass'n., 15 Cal. App. 3d 112, 117 (1971)) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); Velasquez v. Chase Home Finance, LLC, No. C 10-01641 SI, 2010 WL 3211905, at *4 (N.D. Cal. Aug. 14, 2010) (to maintain a quiet title claim, a plaintiff "is required to allege tender of the proceeds of the loan at the pleading stage").

**2.     Fifth and Sixth Claims: Violation of Cal. Bus. & Prof. Code §§ 17200 and 17500**

Under both California's Unfair Competition Law (UCL) and False Advertising Law (FAL), a plaintiff must have suffered injury and lost money or property.  See Cal.

Case 2:15-cv-04543-CAS-JEM Document 34 Filed 11/02/15 Page 9 of 10 Page ID #:569

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

Bus. & Prof. Code § 17204; Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1136 (C.D. Cal. 2005). Plaintiff cannot show either, and thus both her Fifth and Sixth Claims fail. See Cabrera v. Countrywide Fin., No. 11-cv-4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012) (dismissing claims for violations of UCL, among other claims, for lack of standing because only plaintiff's husband was a signatory to the mortgage).

### 3. Second, Eighth, Ninth, and Tenth Claims

As to the Second, Eighth, and Ninth Claims, these are remedies and do not assert claims for relief. See Plastino v. Wells Fargo Bank, No. 12-01037 CRB, 2012 WL 2061515, at *7 (N.D. Cal. June 7, 2012) (claim to cancel the trustee deed is not an independent cause of action, but a request for a particular remedy); Mamerto v. Deutsche Bank Nat. Trust Co., 2009 WL 1582911 (S.D. Cal. June 4, 2009) ("A cause of action must exist before injunctive relief may be granted."). Nonetheless, if they are construed as claims for relief, they still fail because plaintiff has failed to establish any probability of success on the merits because she does not hold title to the Property.

Plaintiff's Tenth Claim for Relief seeks declaratory relief for "a judicial determination of her rights and duties as to the Property" and for the Court to "enforce [plaintiff's] rights with the issuance of injunctions or restraining orders, as may be necessary, to place parties in their proper position, with respect to their interests, if any, in the Property." FAC ¶ 84. The sole requirement for a district court to have subject matter jurisdiction over a claim brought pursuant to the Declaratory Judgment Act is an "actual controversy." See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007); Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1218 (S.D. Cal. 2007). Because plaintiff has no standing, there is no case or controversy.

### B. Leave to Amend

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. Rule 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). "Leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04543-CAS\(JEMx) | Date | November 2, 2015 |
| Title | PAMELA BROWN V. CHRISTINA TRUST | | |

amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009) (quoting Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

Plaintiff's opposition makes no argument as to standing, instead relying on conclusory arguments as to judicial estoppel[3] and on distinguishing the case law cited by defendant. However, since this Court has not previously granted leave to amend, the Court will allow plaintiff leave to amend with the expectation that the Second Amended Complaint will remedy the standing issue. Accordingly, the motion is **GRANTED with leave to amend**.

## V. CONCLUSION

The Court **GRANTS the motion with leave to amend**. Plaintiff has until Monday, November 16, 2015 to file a second amended complaint if she wishes to address the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[3] Plaintiff argues that defendant's motion "concerns exactly the same parties and same set of facts" as a Removal defendant filed in the underlying state court action. Opp. at 5. Plaintiff, however, fails to explain what was argued on Removal. Even so, judicial estoppel precludes a party from asserting "inconsistent" positions, not similar positions. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Therefore, plaintiff's argument is without merit.